UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHAM BANK S.A.**<br>    Al-Najmeh Square<br>    P.O Box 33979<br>    Damascus, Syria<br><br>            *Plaintiff*,<br><br>v.<br><br>**U.S. DEPARTMENT OF THE TREASURY,**<br>**OFFICE OF FOREIGN ASSETS CONTROL**<br>    Treasury Annex / Freedman's Bank Building<br>    1500 Pennsylvania Avenue, NW<br>    Washington, D.C. 20220<br><br>and<br><br>**ANDREA M. GACKI,** *in her official capacity as*<br>    *Director of the United States Department of the*<br>    *Treasury, Office of Foreign Assets Control*<br>    U.S. DEPARTMENT OF THE TREASURY,<br>    OFFICE OF FOREIGN ASSETS CONTROL<br>    Treasury Annex / Freedman's Bank Building<br>    1500 Pennsylvania Avenue, NW<br>    Washington, D.C. 20220<br><br>            *Defendants*. | Civil Action No. 23-1212 |

**COMPLAINT**

Plaintiff Cham Bank S.A. ("Cham Bank," the "Bank," or "Plaintiff") brings this Complaint against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, in her official capacity (collectively, "Defendants"), and in support of this Complaint alleges as follows:

## INTRODUCTION

1. Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.* ("APA"), by (1) failing to provide Plaintiff notice of the bases for Cham Bank's addition to the Specially Designated National and Blocked Persons ("SDN") List on May 16, 2017, and (2) failing to provide the notice required by 5 U.S.C. § 555(e) when the OFAC denied Cham Bank's delisting petition on September 14, 2021.

2. Cham Bank has been subject to economic sanctions imposed by OFAC for nearly six years without sufficient notice for the bases of its designation and without a meaningful opportunity to contest its designation, and despite repeated attempts to obtain this necessary information from OFAC.

3. In an effort to gain some insight into the bases for Cham Bank's SDN designation, on December 20, 2017 and January 9, 2018, Plaintiff properly submitted to the Department of Treasury two letters collectively containing requests for eight targeted categories of agency records in accordance with the FOIA and applicable department regulations (the "FOIA Requests").

4. The statutory deadline for making a determination concerning the FOIA Requests expired years ago. However, OFAC failed to respond to Plaintiff's FOIA Requests at all until Plaintiff initiated a FOIA lawsuit (Case No. 22-0358), and even still has only produced a limited, heavily redacted record, which OFAC admits redacts the bases for Cham Bank's SDN designation from the documents it has produced. Case No. 22-0358, DE 16 at ¶ 6.

5. OFAC's failure to provide the Bank with notice regarding the reasons for its designation prejudiced Plaintiff by withholding information concerning the bases for its designation, and thereby forcing Plaintiff to predicate its delisting petition on assumptions. Plaintiff cannot meaningfully challenge its SDN designation unless it has some information

regarding the reasons for that designation, and OFAC's refusal to provide this information violates the APA.

6. Accordingly, Plaintiff brings this action to compel Defendants to provide Plaintiff adequate notice of the bases of the Bank's SDN designation and OFAC's denial of the Bank's delisting petition.

## JURISDICTION AND VENUE

7. This action arises under the APA, 5 U.S.C. § 701 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

8. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65.

9. Venue lies in this District pursuant to 28 U.S.C. § 1391(e)(1).

## PARTIES

10. Plaintiff Cham Bank is a privately owned bank headquartered in Damascus, Syria. On May 16, 2017, Plaintiff was designated under E.O. 13582 and added to the SDN List. Plaintiff's counsel submitted the FOIA Requests and the delisting petition identified in this Complaint.

11. Defendant OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Treasury Annex / Freedman's Bank Building, Washington, D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including, *inter alia*, by designating persons and property under E.O. 13582 and regulating dealings with them under those authorities via 31 C.F.R. Part 501, the "Reporting, Procedures and Penalties Regulations." OFAC was responsible for designating

Plaintiff pursuant to E.O. 13582 and for denying Plaintiff's delisting petition, and OFAC is believed to have possession, custody, and control of records regarding Plaintiff's SDN designation and delisting petition denial.

12. Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

13. Cham Bank is a privately owned Syrian bank established in 2006. The Bank has twelve branches and provides a variety of services to individual and business customers. For individual customers, the Bank offers checking, savings, and investment accounts and financing for the purchase of cars, household items, and materials for home construction and renovation, as well as mortgages, rent-to-own financing, and lease services. For business customers, the Bank provides several types of accounts, as well as short and mid-term financing services for small and medium-size enterprises. For both individual and corporate clients, the Bank offers safe deposit boxes, SMS banking, and ATM services.

**I.  OFAC Designated Cham Bank on May 16, 2017 Without Providing Any Notice Regarding the Bases for the Designation, Prompting Plaintiff to Submit FOIA Requests Seeking this Information.**

14. OFAC added Cham Bank to the SDN List on May 16, 2017, pursuant to E.O. 13582 ("Blocking Property of the Government of Syria and Prohibiting Certain Transactions with Respect to Syria").[1]

15. OFAC issued a Press Release announcing the designation, which claimed—without providing any factual support—that Cham Bank had been designated for "acting or purporting to act for or on behalf of, directly or indirectly, and materially assisting, sponsoring, or providing

---

[1] Exec. Order No. 13582, 3 C.F.R. 13582 (2012).

financial, material, or technological support for, or goods or services in support of the Government of Syria."[2]  Other than this conclusory statement, the Press Release contained no other information, details, or factual bases for Cham Bank's designation.

16.     The designation took the Bank by surprise because, to its knowledge, it had never acted on behalf of, or to support, the Government of Syria.  Furthermore, Cham Bank has never been involved in political activities, whether with the Syrian government or otherwise, and it has never been involved in public corruption of any kind.  Neither Cham Bank's Board nor its management has ever considered, discussed, or approved any activity involving or furthering political activity in support of the Syrian regime.

17.     As a result of the SDN designation, all of Cham Bank's property and interests in property within U.S. jurisdiction were blocked, U.S. persons are generally prohibited from engaging in transactions with Cham Bank, and foreign parties may be subject to sanctions for engaging in transactions or dealings with Cham Bank.  The SDN designation has devastated Cham Bank's operations, yet the Bank has been deprived of the ability to meaningfully challenge its designation.

18.     As detailed below, OFAC's failure to provide notice of the bases for the Bank's SDN designation and delisting petition denial have deprived Plaintiff with any meaningful opportunity to challenge its SDN designation in violation of the APA.

---

[2] Press Release, U.S. Dep't of Treasury, Treasury Sanctions Additional Individuals and Entities in Response to Continuing Violent Attacks on Syrian Citizens by the Syrian Government (May 16, 2017), https://home.treasury.gov/news/press-release/sm0087.

**II.     Plaintiff Submitted Two FOIA Requests for OFAC Records in an Attempt to Understand the Bases for Its Designation.**

19.     In an effort to gain some insight into the basis of the Bank's designation, Plaintiff's counsel submitted two FOIA Requests to the Department of Treasury for agency records pertaining to Cham Bank's designation, on December 20, 2017, and January 9, 2018, respectively.

20.     First, on December 20, 2017, Plaintiff submitted a request for agency records via the Department of Treasury's FOIA e-mail address (TreasFOIA@treasury.gov). Specifically, Plaintiff requested that the Department of Treasury produce "a redacted copy of the administrative record, in whole or in part, related to the designation of CHAM ISLAMIC BANK (a.k.a. AL-CHAM ISLAMIC BANK; a.k.a. CHAM BANK)."

21.     The Department of Treasury confirmed receipt of the request on December 20, 2017 via auto-reply email. No further communications regarding this request were received, and Plaintiff was uncertain whether the Department of Treasury had issued a FOIA identification number for that request.

22.     Second, on January 9, 2018, Plaintiff submitted a request for additional records regarding the Bank's designation via the Department of Treasury's FOIA e-mail address (TreasFOIA@treasury.gov). Plaintiff made detailed requests for the following records, which overlap with the records Plaintiff requested on December 20, 2017:

> [A]ll records in the possession of the Department of the Treasury, including but not limited to the [OFAC] . . . that relate in whole or in part to:
> 1) CHAM ISLAMIC BANK; AL-CHAM ISLAMIC BANK; or CHAM BANK, designated to OFAC's SDN List on May 16, 2017 (hereinafter "CHAM");
> 2) Any actual, perceived, or potential relationship, connection, interaction, or transaction between or among CHAM and any other entity, individual, or other party currently or previously designated on the SDN List;
> 3) Any actual, perceived, or potential relationship, connection, interaction, or transaction between or among CHAM and any other entity, individual, or other party deemed or alleged to be the Government of Syria;

4) A determination or allegation that CHAM is or was acting or purporting to act for or on behalf of, directly or indirectly, and/or materially assisting, sponsoring, or providing financial, material, or technological support for, and/or goods or services in support of, the Government of Syria;
5) Any funds transfers by or to any of the entities, individuals, or parties encompassed in items (1), (2), (3), or (4) above;
6) Any transactions in which any of the entities, individuals, or parties encompassed in items (1), (2), (3), or (4) above may have been involved; or
7) Any other documents or records relevant to the Department of the Treasury's decision to designate CHAM to the SDN List.

23. The Department of Treasury confirmed receipt of the second request on January 9, 2018 via auto-reply email.

24. On January 11, 2018, the Department of Treasury sent Plaintiff's counsel a letter confirming that the January 2018 FOIA request had been assigned to OFAC, which would "contact [Plaintiff's counsel] directly concerning [the] request." The letter also assigned the request an identification number: 2018-01-070.

25. Cham Bank's counsel submitted to OFAC several follow-up inquiries concerning the status of the FOIA Requests, as outlined below. Cham Bank received no substantive response to the FOIA Requests until after the FOIA lawsuit (Case No. 22-0358) was commenced. Now, over five years later, OFAC still has failed to adequately respond to Plaintiff's FOIA Requests and has failed to provide Plaintiff with any notice of the basis of its SDN designation or the denial of its delisting petition, as required by the APA.

### III. Plaintiff Was Forced to Submit a Delisting Petition Without the Benefit of Notice as to the Bases of Plaintiff's Designation.

26. On October 8, 2018, Plaintiff submitted a delisting petition under 31 C.F.R. § 501.807 seeking reconsideration of the Bank's designation as an SDN. Plaintiff, which had been waiting for more than ten months for a substantive response to its FOIA Requests, was compelled to submit its delisting petition to OFAC without having received any further responses regarding its FOIA Requests or any information regarding the bases of its SDN designation.

27.    Despite being denied fair notice of the bases for OFAC's SDN-designation decision, and thus being denied a full and fair opportunity to contest that decision, Cham Bank nevertheless submitted compelling information to OFAC in support of its delisting petition, including a fifty-page petition, supported by a twenty-one-page sworn declaration and twenty-three exhibits totaling three hundred twenty-three pages.  In its delisting petition, Plaintiff also reiterated that it had requested the administrative record and had received no response.

28.    OFAC's failure to respond to Plaintiff's FOIA Requests and to provide the requested administrative record prejudiced Plaintiff by withholding information concerning the bases for Plaintiff's designation, and thereby forcing Plaintiff to predicate its delisting petition on assumptions.

29.    OFAC confirmed receipt of the delisting petition and assigned a case ID (SY-14963).

**IV.    Despite the Bank's Attempts, OFAC Never Provided Plaintiff with Notice of the Bases for Cham Bank's Addition to the SDN List and Denied Cham Bank's Delisting Petition without Notice of the Reasons.**

30.    On November 7, 2018, Plaintiff sent the Department of Treasury a follow-up letter regarding its delisting petition and FOIA Requests.  In this letter, Plaintiff outlined the many ways in which OFAC's failure to produce records regarding the Bank's SDN designation had violated the FOIA, violated Cham Bank's right to fair notice of the bases for OFAC's SDN-designation decision so that Cham Bank has a full and fair opportunity to contest that decision as allowed under 31 C.F.R. § 501.80, and prejudiced Cham Bank.  Plaintiff asked that OFAC immediately respond to its FOIA Requests in light of Plaintiff's pending reconsideration request and requested a prompt meeting with OFAC to discuss the matter.

31.    On November 29, 2018, Plaintiff's counsel and OFAC (Marshall Fields, Assistant Director, Information Disclosure and Records Management, Office of Sanctions Support and

Operations) participated in a telephone call regarding Plaintiff's FOIA Requests and delisting petition. During this call, Plaintiff's counsel reiterated arguments presented in Plaintiff's November 7, 2018 correspondence and emphasized the importance of OFAC taking swift action to respond to the FOIA requests.

   a. Regarding the FOIA Requests, OFAC indicated that it had completed the search phase of processing the FOIA Requests and initiated the "consultation stage" of the FOIA response process for authorization to release documents that originated in other federal agencies.

   b. Regarding Plaintiff's delisting petition and Plaintiff's "request for a copy of the administrative record," OFAC revealed that it had pressed the OFAC Office of Global Targeting, which was leading the analysis of Plaintiff's delisting petition, to disclose the "evidentiary package" underlying the designation. OFAC followed up on November 30, 2018, with a "recap" of the conference call.

32. Plaintiff's counsel contacted OFAC's Office of Global Targeting on November 29, 2018 via email and voicemail, requesting "to speak with someone on the OFAC team assigned to reconsideration request [i.e., Plaintiff's delisting petition] SY-14963."

33. The Office of Global Targeting responded via November 30, 2018 email, stating:

> As it concerns the pending request for reconsideration, Case ID SY-14963, OFAC is taking steps to respond to your request for your client's administrative record. Please be advised that the petition review process may be extensive, and OFAC may seek additional information from your client before a final determination is made in your client's case.
>
> With regard to your FOIA request, Case 2018-01-070, which is separate and distinct from the delisting process, OFAC is in the consultation phase of this request. For further information regarding the status of Case 2018-01-070, please contact the FOIA office.

34. Plaintiff received no further updates from OFAC regarding its delisting petition or FOIA Requests.

35. On February 12, 2019, Plaintiff's counsel sent OFAC's Office of Global Targeting an email to follow up regarding the delisting petition as well as the FOIA Requests, demanding prompt action and requesting a meeting. OFAC confirmed receipt on the same date via auto-reply email.

36. After receiving no substantive response, Plaintiff's counsel followed up with the Office of Global Targeting on March 8, 2019, leaving a voicemail and email reiterating: "As stated in our February 12, 2019 email below, it is urgent that we receive the administrative record in this matter. Please let us know promptly when we can expect OGT to provide the administrative record to us."

37. Plaintiff's counsel also followed up with OFAC's FOIA office via voicemail and email on March 8, 2019, reiterating the urgent need for a substantive response to Plaintiff's FOIA Requests. Plaintiff's counsel also noted: "We also have made follow-up inquiries with the Office of Global Targeting regarding our request for a copy of the administrative record, but we have not received a substantive response from OGT either." In response, Mr. Fields from the OFAC FOIA Office confirmed via voicemail that OFAC was "still in the consultation phase of processing your request," and that he "cannot not tell [Plaintiff] how long that will take."

38. With respect to the delisting petition, the Office of Global Targeting responded to Plaintiff's counsel on March 11, 2019, stating: "OFAC has received your correspondence dated March 8, 2019. Please know that your client's request for reconsideration is currently under review. OFAC is working diligently to reach a decision concerning SY-14693."

39. Seven months after Plaintiff's delisting petition, on June 19, 2019, OFAC issued its first questionnaire, posing five questions—four on general compliance issues and one relating to business relationships with nine SDN financial institutions.

40. The Bank—which still had not received a response to its FOIA Requests nor been provided with a copy of the administrative record or any factual bases or notice regarding OFAC's designation decision—answered those questions in a sixteen-page sworn response, accompanied by forty exhibits totaling four-hundred six pages, on October 19, 2019.

41. More than a year after Cham Bank filed its delisting petition, on December 10, 2019, the Office of Global Targeting produced twenty-nine pages of a heavily redacted administrative record. Based on the bates labeling, at least thirty-seven pages of the production were withheld in their entirety. This heavily redacted administrative record provided the Bank with no factual bases behind the SDN designation decision, and any factual bases for Cham Bank's SDN designation was either redacted or withheld entirely.[3]

42. On February 21, 2020, OFAC sent another questionnaire posing eight additional questions—four on general compliance issues, three on specific customer relationships and transaction activity, and one regarding a certified translation. The Bank—which still had not received any response to its FOIA Requests and was still without the benefit of having been provided with any factual bases behind its SDN designation—responded to that questionnaire in another thirty-three-page sworn response, accompanied by seventeen exhibits totaling one hundred eighteen pages, on November 12, 2020.

---

[3] This evidentiary memorandum is the same evidentiary memorandum that OFAC produced to Plaintiff in the FOIA litigation on September 16, 2022. Both versions, however, are heavily redacted, and fail to identify any bases supporting Cham Bank's SDN designation. Indeed, OFAC admits that it redacted the bases for Cham Bank's SDN designation from the records it has produced. *See* Case No. 22-0358, DE 16 at ¶ 6.

43. In March 2021, having heard nothing further from OFAC for four months after responding to the second questionnaire, Plaintiff's counsel followed up with OFAC regarding the Bank's delisting petition. Although OFAC agreed to look into the status, Plaintiff's counsel received no response to follow-up inquiries, including an April 9, 2021 letter. As this letter noted, despite the Bank's efforts over the years since its designation to meaningfully answer OFAC's questions and provide useful, helpful, and relevant information, the Bank remained on the SDN list without the slightest idea of why it was designated or the status of its delisting petition.

44. On September 14, 2021, OFAC summarily denied Plaintiff's delisting petition requesting reconsideration of its SDN designation in a single-page letter, purportedly based on "all available information." The entire substance of OFAC's letter denying Plaintiff's delisting petition stated as follows:

> After reviewing the information provided by your client, Cham Islamic Bank, in connection with its petition for delisting from the list of Specially Designated Nationals and Blocked Persons (SDN List), the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) has determined that information presented in the petition does not demonstrate a change in circumstances that would warrant its removal from the SDN List based on the original criteria.
>
> After carefully reviewing all available information, including evidence in the record regarding your client's designation, classified information, and all of the arguments raised in your written submission and material submitted, OFAC has determined that your client has not put forth arguments or evidence establishing that an insufficient basis exists for your client's designation or that the circumstances resulting in the designation are no longer applicable.
>
> For the above reasons, Cham Islamic Bank will remain on the SDN List pursuant to E.O. 13582, "Blocking Property of the Government of Syria and Prohibiting Certain Transactions With Respect to Syria."
>
> If, in the future, you decide to pursue the reconsideration process again, you need to submit a new request, and provide OFAC with new evidence, as well as any other information that OFAC may request. For expediency purposes, please direct any future questions and correspondence to OFAC via the following email: OFAC.Reconsideration@treasury.gov. You may also write OFAC at the following:

> U.S. Department of the Treasury
> Office of Foreign Assets Control
> ATTN: Office of Global Targeting
> 1500 Pennsylvania Avenue, N.W. (Freedman's Bank Building)
> Washington, DC 20220

45.     As this letter states, OFAC had "determined that information presented in the petition does not demonstrate a change in circumstances that would warrant its removal from the SDN List based on the original criteria."  OFAC also claimed that the Bank "has not put forth arguments or evidence establishing that an insufficient basis exists for your client's designation or that the circumstances resulting in the designation are no longer applicable."

46.     However, to this day, the Bank remains entirely in the dark as to what the "circumstances" or "original criteria" were that led to the SDN listing in the first place.  It is unclear how the Bank could possibly demonstrate that it has "change[d] the circumstances" that led to it being listed when OFAC has failed to provide the Bank with *any* factual bases or details behind the circumstances that led to it being listed in the first place.

47.     OFAC further advised Plaintiff that, "[i]f, in the future, you decide to pursue the reconsideration process again, you need to submit a new request, and <u>provide OFAC with new evidence</u>" (emphasis added).  Such "new evidence" would include the information Plaintiff had been seeking via its FOIA Requests and requests for the administrative record.  And given that OFAC has never provided the Bank with any evidence or factual bases behind its designation decision, it is unclear how the Bank is to put forth any "new evidence" to rebut or show a "change in circumstances."

**V.  Plaintiff Was Forced to Resort to a FOIA Lawsuit to Try to Obtain Information Regarding the Bases of Its SDN Designation, but Still Has Not Received Notice Regarding OFAC's SDN Designation or Delisting Petition Denial.**

48.     Throughout the delisting petition process, OFAC's FOIA office never responded to Plaintiff's FOIA Requests.  More than four years after Plaintiff submitted its FOIA Requests,

OFAC had still failed to provide a sufficient determination or response to Plaintiff's FOIA Requests, forcing Plaintiff to file a FOIA lawsuit (Case No. 22-0358) on February 9, 2022, to compel a substantive response to its FOIA Requests so that it could learn the "original criteria" for its designation.

49. Only after that lawsuit was filed did OFAC provide any response to Plaintiff's FOIA Requests, but those responses remain deficient under the FOIA, and OFAC has still failed to provide Plaintiff with any notice regarding the bases of OFAC's decision to designate Plaintiff as an SDN and to deny Plaintiff's delisting petition. Indeed, OFAC admits that it redacted the bases for Cham Bank's SDN designation from the documents it has produced (as it had previously). Case No. 22-0358, DE 16 at ¶ 6. Thus, none of the documents produced by OFAC to date—in response to Plaintiff's FOIA Requests or request for the administrative record as part of its delisting petition—identifies the bases for Cham Bank's SDN designation, nor the bases for its delisting petition denial.

50. On September 30, 2022 and November 21, 2022, the parties conducted a meet and confer in the FOIA litigation to address questions and concerns that Plaintiff's counsel had with the FOIA release schedule, the draft *Vaughn* index, and the substance of the productions in the FOIA lawsuit. Specifically, in the November 21, 2022 meet and confer, Plaintiff's counsel requested that by December 15, 2022, OFAC, among other things, produce an unclassified summary of the administrative record if it continued to assert that it could not produce records supporting Cham Bank's SDN designation due to the inclusion of classified information in such documents and provide a schedule for the additional releases of documents.

51. On December 2, 2022, OFAC indicated that it would not provide an unclassified summary and did not have a release schedule it could provide Plaintiff with respect to the remaining documents.

52. Given OFAC's refusal to provide an unclassified summary of the administrative record and a release schedule for the remaining documents, Plaintiff, in the interest of efficiency, sought leave to amend the FOIA Complaint in Case No. 22-0358 to add the APA notice claims brought herein. *See* Case No. 22-0358, DE 18, 18-1. In doing so, Plaintiff noted that it may be compelled to file its APA notice claims in a separate lawsuit in the event that Plaintiff's motion for leave to amend remained pending given the approaching expiration in May 2023 of the statute of limitations for Plaintiff's APA notice claim based on Cham Bank's SDN designation. *See* Case No. 22-0358, DE 21 at 3 n.1. Given that Plaintiff's motion for leave to amend remains pending in Case No. 22-0358, Plaintiff has brought these APA notice claims via the instant Complaint.

**CLAIMS FOR RELIEF**

**COUNT ONE: Failure to Provide Adequate Notice
Regarding the Bases of Plaintiff's SDN Designation**

53. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. Under the APA, "agency action, findings, and conclusions found to be . . . without observance of procedure required by law" shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(D).

55. The APA includes "the simple but fundamental requirement that an agency or official set forth its reasons [for its decisions], a requirement that is essential to the integrity of the Administrative process." *Roelofs v. Sec'y of Air Force*, 628 F.2d 594, 599 (D.C. Cir. 1980) (quotation marks omitted).

56. This requirement also ensures that the APA's administrative reconsideration procedures, which allow for interested persons to appear before an agency to seek a "determination of an issue, request, or controversy in a proceeding," 5 U.S.C. § 555(b), are procedurally fair. As applicable here, Plaintiff is granted the right to petition Defendants for administrative reconsideration of OFAC's designation pursuant to the APA, 5 U.S.C. § 555(b), and OFAC's delisting procedures at 31 C.F.R. § 501.807.

57. Under OFAC's delisting procedures, designated persons are expressly permitted to provide evidence or arguments that they believe establishes an insufficient bases for the designation or to propose remedial measures that they believe would negate the bases for the designation. 31 C.F.R. § 501.807(a).

58. These procedures clearly presume that designated persons have an understanding of the reasons for their designation and are placed in a position to offer rebuttal evidence to OFAC or propose remedial steps that render the factual bases for the designation inapplicable. OFAC's regulations cannot be interpreted to grant a designee a rebuttal opportunity without offering the designee notice of evidence to be rebutted. Consistent with this right to request administrative reconsideration of its OFAC designation, Plaintiff has a right to adequate post-designation notice. That notice requires Defendants to provide Plaintiff an adequate understanding as to the reasons for its designation.

59. OFAC admits that it has redacted the bases for Cham Bank's SDN designation from the evidentiary memorandum relating to this determination, Case No. 22-0358, DE 16 at ¶ 6, and has refused to provide unclassified summaries, Case No. 22-0358, DE 17 at ¶ 14. Defendants, therefore, have failed to provide Plaintiff with adequate notice as to the reasons for its designation under E.O. 13582—i.e., that Plaintiff has acted or purported to act for or on behalf of, directly or

indirectly, and materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of the Government of Syria.

60. Defendants' failure to provide Plaintiff with adequate and fair notice of the information and reasoning relied on to support their designation so that Plaintiff may understand the reasons for OFAC's determination that Plaintiff meets the legal criteria for designation under E.O. 13582 has improperly inhibited Plaintiff's ability to challenge its designation, is not in accordance with law, and is without observance of procedure required under the APA.

**COUNT TWO:  Failure to Provide Prompt or Adequate Notice of the Grounds for the Denial of Plaintiff's Delisting Petition Under 5 U.S.C. § 555(e)**

61. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. Under the APA, "agency action, findings, and conclusions found to be . . . without observance of procedure required by law" shall be held unlawful by a reviewing court and set aside.  5 U.S.C. § 706(2)(D).

63. Plaintiff is granted the right to petition Defendants for administrative reconsideration of OFAC's designation pursuant to the APA, 5 U.S.C. § 555(b), and OFAC's delisting procedures at 31 C.F.R. § 501.807.

64. Where an agency denies any written application, petition, or request, such as a delisting petition, the APA requires that an agency provide "a brief statement of the grounds for denial." 5 U.S.C. § 555(e). "[T]he core requirement is that the agency explain why it chose to do what it did." *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 737 (D.C. Cir. 2001) (quotation marks omitted).  A statement of reasoning for an agency decision "is indispensable to sound judicial review." *Amerijet Int'l, Inc. v. Pistole*, 753 F.3d 1343, 1350 (D.C. Cir. 2014).  "And to this end,

conclusory statements will not do; *an agency's statement must be one of reasoning*." *Id.* (emphasis in original) (quotation marks omitted).

65. Consistent with this right to request administrative reconsideration of its OFAC designation, Plaintiff has a right to adequate post-designation notice. That notice requires Defendants to provide Plaintiff an adequate understanding as to the reasons for its designation, and the grounds for OFAC's denial of Plaintiff's delisting petition.

66. OFAC admits that it has redacted the bases for Cham Bank's SDN designation from the evidentiary memorandum relating to this determination, Case No. 22-0358, DE 16 at ¶ 6, and has refused to provide unclassified summaries, Case No. 22-0358, DE 17 at ¶ 14. Nor do OFAC's questionnaires to Plaintiff, discussed above, provide any inferential notice or other indication of the bases for Cham Bank's SDN designation. Defendants, therefore, have failed to provide Plaintiff with adequate notice as to the reasons it denied Plaintiff's delisting petition and determined that Plaintiff continued to meet the criteria of E.O. 13582—i.e., that Plaintiff has acted or purported to act for or on behalf of, directly or indirectly, and materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of the Government of Syria.

67. By failing to provide adequate notice so that Plaintiff may understand the reasons for OFAC's denial of Plaintiff's delisting petition, Defendants have violated the notice requirement of 5 U.S.C. § 555(e), have improperly inhibited Plaintiff's ability to challenge its designation, are not in accordance with law, and are without observance of procedure required under the APA.

**PRAYER FOR RELIEF**

68. Plaintiff requests that the Court:

   a. Order Defendants to disclose a fully and sufficiently detailed statement of reasons as to OFAC's decision to designate Plaintiff under E.O. 13582 so as to permit Plaintiff a meaningful opportunity to challenge its designation;

   b. Order Defendants to disclose the redacted portions of the evidentiary memorandum underlying Plaintiff's designation under E.O. 13582 or otherwise provide sufficient alternative means by which Plaintiff can be provided adequate notice of the reasons for its designation under E.O. 13582;

   c. Order Defendants to produce unclassified summaries of the classified or privileged portions of the evidentiary memorandum relating to the basis for Plaintiff's designation under E.O. 13582 that are sufficiently specific to provide Plaintiff adequate notice of the reasons for Plaintiff's designation under E.O. 13582;

   d. Order Defendants to disclose a fully and sufficiently detailed statement of reasons as to OFAC's decision to deny Plaintiff's delisting petition so as to permit Plaintiff a meaningful opportunity to challenge its continued designation under E.O. 13582;

   e. Order Defendants to disclose "all available information, including evidence in the record regarding [Plaintiff's designation]" underlying OFAC's denial of Plaintiff's delisting petition and decision to leave Plaintiff on the SDN List pursuant to E.O. 13582 or otherwise provide sufficient alternative means by which Plaintiff can be provided adequate notice of the reasons for the denial of its delisting petition and continued listing under E.O. 13582;

 f. Order Defendants to produce unclassified summaries of the classified or privileged portions of the record relating to the decision to deny Plaintiff's delisting petition and leave Plaintiff on the SDN List under E.O. 13582 that are sufficiently specific to provide Plaintiff adequate notice as to the reasons behind the denial of Plaintiff's delisting petition and determination that Plaintiff continued to meet the criteria of E.O. 13582;

 g. Grant an award to Plaintiff of its costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

 h. Grant Plaintiff any other relief the Court deems just and proper.

Dated:  May 1, 2023      Respectfully submitted,

             */s/Gassan A. Baloul*
             Gassan A. Baloul (D.C. Bar No. 1034245)
             Mitchell R. Berger (D.C. Bar No. 385467)
             Amy Brown Doolittle (D.C. Bar No. 451090)
             SQUIRE PATTON BOGGS (US) LLP
             2550 M Street, NW
             Washington, DC 20037
             Telephone: (202) 457-6000
             Facsimile: (202) 457-6315
             gassan.baloul@squirepb.com
             mitchell.berger@squirepb.com
             amy.doolittle@squirepb.com

             *Counsel for Plaintiff*